IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 8:22CR247 |
| v. | |
| AARON CARDINALE, | MEMORANDUM AND ORDER |
| Defendant. | |

This matter is before the Court on defendant Aaron Cardinale's ("Cardinale") renewed Motion to Suppress Statements and Evidence (Filing No. 59) he argues were "obtained as a result of his unlawful detention, the unlawful search of his person and car, and his unlawful interrogation." That motion was assigned to a magistrate judge,[1] who held an evidentiary hearing on the matter on November 22, 2023. *See* 28 U.S.C. § 636(b)(1)(B) (allowing a district judge to "designate a magistrate judge to conduct hearings . . . and to submit" proposed findings and recommendations for the disposition of a motion to suppress evidence). The magistrate judge subsequently issued her Findings and Recommendation (Filing No. 74) recommending that Cardinale's motion be denied.

Cardinale objects (Filing No. 75) to the magistrate judge's Findings and Recommendation, generally seeking de novo review of the entirety of her conclusions but raising specific disagreements with her conclusion that the police had probable cause to believe he committed a traffic violation to justify the initial stop of his vehicle. For the reasons that follow, the Court overrules Cardinale's objections.

---

[1] The Honorable Susan M. Bazis, United States Magistrate Judge for the District of Nebraska.

I.  BACKGROUND

In the early hours of July 27, 2022, Omaha Police Officers Daniel Cleveland ("Officer Cleveland") and Freyermuth ("Officer Freyermuth" and collectively, the "officers") were on patrol in a marked cruiser in southeast Omaha, Nebraska. The officers took interest in a Chevrolet Malibu parked at a gas station on the corner of South 13th Street and 13th Court. Their brief investigation revealed that it was registered to Linda Loury ("Loury"), who had a suspended license and a criminal history of methamphetamine use.

While watching the vehicle from a parking lot north of the gas station, the officers saw a man get into the driver's seat accompanied by a "frail" woman, who got into the passenger seat. The officers followed the car as it left the gas station and proceeded southbound on 13th Street. The car then turned west onto Deer Park Boulevard and purportedly accelerated.

The driver activated the left turn signal and made a left turn off Deer Park Boulevard onto 15th Street. The officers, following several hundred feet behind on Deer Park Boulevard, turned on the cruiser's lights to pull over the vehicle for a traffic stop. According to the officers, they stopped the Malibu because the driver failed to signal for that left turn more than 100 feet in advance as required by Nebraska law. *See* Neb. Rev. Stat. § 60-6,161. The Malibu pulled into a driveway off 15th Street, where the officers approached its occupants, who were identified as Cardinale and Marian Wright ("Wright").

Throughout the stop that ensued, the officers' investigation revealed the occupants' criminal histories of methamphetamine possession and distribution. They also learned that the car was still registered to Loury despite Cardinale's assertion he purchased it from her months before. While completing a citation for signal and registration violations, the officers called in Douglas County Sheriff's Deputy Andrew Kubik

("Deputy Kubik") and his K-9 Rusty ("Rusty") to perform a sniff of the car, over Cardinale's objection.

Once on the scene, Deputy Kubik deployed Rusty and noticed the dog alert and indicate to the car's passenger side. The officers informed Cardinale and Wright the alert gave them probable cause to search the car. Officer Cleveland and Deputy Kubik's subsequent search revealed methamphetamine and a loaded syringe in a backpack, marijuana in the car's center console, and more methamphetamine in the trunk. Both Cardinale and Wright were arrested and taken away from the scene in separate cruisers.

Officer Cleveland spoke with Cardinale following the arrest, eventually advising him of his rights pursuant to *Miranda v. Arizona*, 384 U.S. 436, 444 (1966). He also asked Cardinale for consent to search his phone, which Cardinale refused. The officers later received search warrants for Cardinale's and Wright's phones after they were seized.

Cardinale was indicted on November 15, 2022, on one count of possession with intent to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1). Cardinale originally moved to suppress evidence against him (Filing No. 31) on December 27, 2022, arguing (1) "his car was stopped without reasonable suspicion" and his detention was prolonged without probable cause, (2) his "car was searched without probable cause or a warrant," (3) the officers wrongfully interrogated him while he was in custody without advising him of his *Miranda* rights, and (4) the officers "failed to scrupulously" honor his invocation of his *Miranda* rights. The government opposed suppression on all of these grounds (Filing No. 37).[2]

## II.   DISCUSSION

The Court makes "a de novo determination of those portions of the report or specified proposed findings or recommendations" of the magistrate judge "to which

---

[2]Due to intervening circumstances, Cardinale's original motion was withdrawn (Filing No. 50) and later refiled. The Court has applied the government's original arguments to Cardinale's later-filed motion to suppress.

objection is made." 28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Crim. P. 59(b)(3) (accord). To invoke such review, the objecting party "must specify (1) the parts of the order or findings and recommendations to which the party objects and (2) the legal basis of the objections." NECrimR 59.2(a). Otherwise, unobjected-to portions of a magistrate judge's findings and recommendations require no further review, *see Thomas v. Arn*, 474 U.S. 140, 149-50 (1985), though the Court retains "substantial control over the ultimate disposition" of the matter, *Belk v. Purkett*, 15 F.3d 803, 815 (8th Cir. 1994). *See* 28 U.S.C. § 636(b)(1)(C) (permitting the district court to "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge" as well as "receive further evidence or recommit the matter to the magistrate judge with instructions").

Cardinale challenges the magistrate judge's conclusion that the officers had probable cause he committed a traffic violation while objecting to the whole of her Findings and Recommendation. Cardinale also objects to what he describes as "findings" made by the magistrate judge with respect to the traffic stop. Those include the background statements that Officer Cleveland testified that Cardinale's pre-turn "acceleration was consistent with an attempt to evade police" and that his "Malibu immediately made a left turn" after signaling. He also objects to the magistrate judge's "failure to make findings as to the relevant distances along" the road he traveled when the purported signal violation occurred. Finally, he believes the magistrate judge erred in finding that Officer Cleveland testified credibly "as to the duration of the turn signal."

To conduct a traffic stop compatible with the Fourth Amendment to the United States Constitution, an officer must generally "have probable cause to believe that a traffic violation has occurred." *Whren v. United States*, 517 U.S. 806, 810 (1996). "Any traffic violation, however minor, provides probable cause for a traffic stop." *United States v. Milk*, 66 F.4th 1121, 1131 (8th Cir. 2023) (quoting *United States v. Adler*, 590 F.3d 581, 583 (8th Cir. 2009)).

Probable cause to conduct a traffic stop exists "when a reasonable officer, confronted with the facts known to the officer at the time of the stop, could have believed that there was a fair probability that a violation of law had occurred." *United States v. Rederick*, 65 F.4th 961, 965 (8th Cir. 2023) (quoting *United States v. Andrews*, 454 F.3d 919, 921 (8th Cir. 2006)); *see also United States v. Washington*, 455 F.3d 824, 826 (8th Cir. 2006) (stating "the police must 'objectively ha[ve] a reasonable basis for believing that the driver has breached a traffic law'" (quoting *United States v. Thomas*, 93 F.3d 479, 785 (8th Cir. 1996))). Whether probable cause exists is determined only with respect to the information "the officer reasonably knew at the time" of the stop, not with "the vision of hindsight." *United States v. Williams*, 929 F.3d 539, 544 (8th Cir. 2019) (quoting *United States v. Smart*, 393 F.3d 767, 770 (8th Cir. 2005)).

The Court agrees with the magistrate judge that, based on the record, a reasonable officer could have believed that there was a fair probability Cardinale did not signal 100 feet or more before the turn. Officer Cleveland testified that—based on his contemporaneous observations—Cardinale appeared to turn on the Malibu's signal "[j]ust prior to making the turn onto 15th Street," "which was not prior to 100 feet" before the turn as required by Nebraska law. In light of the Court's review of the footage and evidence, the Court accepts the magistrate judge's conclusion that Officer Cleveland's account was sufficiently reasonable and credible to support a finding that the officers had probable cause to conduct the stop. *See United States v. Holly*, 983 F.3d 361, 364-65 (8th Cir. 2020) (concluding officers had probable cause to conduct a traffic stop "[e]ven if one of the officers was mistaken about actually observing the violation" where the surrounding circumstances "could lead a reasonable officer" to believe the violation occurred).

To rebut Officer Cleveland's assertions, Cardinale has provided the Court mathematical equations and street maps to demonstrate that the calculation of certain distances establishes he properly signaled the turn. Surely, if that evidence or the video

5

footage was clearly inconsistent with Officer Cleveland's testimony, the defendant might have a stronger argument the stop was unlawful. *See*, *e.g.*, *United States v. Forjan*, 66 F.4th 739, 746-47 (8th Cir. 2023) (concluding a traffic stop was unlawful where an officer's mistake was objectively unreasonable). But that is not the case here.

Simply put, the conclusions Cardinale deduces from grainy dashboard-camera footage and a handful of online maps do not clearly demonstrate that Officer Cleveland's belief that he failed to signal properly was an implausible or objectively unreasonable mistake. While Cardinale's proposed calculations may reveal a more accurate version of the events, hindsight is of course 20/20. Even if Officer Cleveland could have testified more determinatively as to his estimation of the relevant distances[3] at the time of the stop, it is unreasonable to assume officers could make the sophisticated, mathematical calculations Cardinale demands while patrolling in a moving cruiser. The Court must not rigidly hold officers to such post-hoc determinations. *See Williams*, 929 F.3d at 544; *see also Heien v. North Carolina*, 574 U.S. 54, 60-61 (2014) (describing that, under the Fourth Amendment, "[t]o be reasonable is not to be perfect"). For that same reason, the magistrate judge did not err in not making those calculations herself.

Based on the totality of the record, that evidence similarly does not support overruling the magistrate judge's finding that Officer Cleveland testified credibly, which must be afforded great deference. *See Holly*, 983 F.3d at 364 (describing that determination as "virtually unreviewable" (quoting *United States v. Heath*, 58 F.3d 1271, 1275 (8th Cir. 1995))). As in *Holly*, "there is no extrinsic evidence that clearly

---

[3]Cardinale makes much of Officer Cleveland's inability to testify as to distances he describes as "necessary to support" a probable cause conclusion. This focus ignores the fact that an officer's "subjective beliefs as to whether he had probable cause" is largely irrelevant to the objective test applied by the Court. *United States v. Vittetoe*, 86 F.4th 1200, 1203 (8th Cir. 2023). "[T]he fact that the officer does not have the state of mind which is hypothecated by the reasons which provide the legal justification for the officer's action does not invalidate the action taken as long as the circumstances, viewed objectively, justify that action." *Whren*, 517 U.S. at 813 (quoting *Scott v. United States*, 436 U.S. 128, 138 (1978)).

contradicts the officers' account, nor was the officers' testimony 'so internally inconsistent or implausible on its face that a reasonable fact-finder would not credit it.'" *Id.* (quoting *Heath*, 58 F.3d at 1275). Unlike the cases cited by Cardinale, *see*, *e.g.*, *United States v. Prokupek*, 632 F.3d 460, 463 (8th Cir. 2011), the record here does not support a conclusion that the magistrate judge's credibility finding is clearly erroneous.

Cardinale's objections to particular statements in the magistrate judge's Findings and Recommendation are also overruled. Cardinale calls those objected-to statements "findings," but they merely describe Officer Cleveland's testimony "that the Malibu's acceleration was consistent with an attempt to evade police" and that it "immediately made a left turn onto 15th Street" after its signal was activated. The magistrate judge never made specific factual findings as to the accuracy of these statements or indicated they contributed to her analysis. Nor are they central to this Court's ultimate conclusions.

Finally, the Court notes that Cardinale's general request for de novo review of all the magistrate judge's Findings and Recommendation fails to describe, with any level of particularity, his disagreements or their bases as required by the procedural rules of this Court. *See* NECrimR 59.2(a) (providing that a "party must specify (1) the parts of the order or findings and recommendations to which the party objects and (2) the legal basis of the objections"). In addition to flouting the Court's local rules, such a failure to articulate specific objections often forecloses a meaningful review of the magistrate judge's findings. *See Belk*, 15 F.3d at 815 (describing the "court-created exception" in many circuits to de novo review of objected-to portions of a magistrate judge's findings and recommendations for general or conclusory objections but ultimately finding de novo review was warranted in those circumstances where the record was concise); *Henning v. Colvin*, 943 F. Supp. 2d 969, 980 (N.D. Iowa 2013) (explaining the Eighth Circuit's varying guidance on this point).

While Cardinale is advised to ensure his future compliance with the local rules, the Court nonetheless finds the magistrate judge's remaining conclusions are proper under de

novo review. Having fully and carefully reviewed the record in this matter—including the parties' exhibits and the transcript of the evidentiary hearing—the Court concludes, in addition to the above findings, that (1) the officers had reasonable suspicion to prolong the traffic stop, (2) the officers had probable cause to search the car based on Rusty's alert to potential controlled substances, and (3) the officers' conduct did not violate Cardinale's rights under *Miranda*. Accordingly,

IT IS ORDERED:

1. Defendant Aaron Cardinale's objections (Filing No. 75) to the magistrate judge's Findings and Recommendation are overruled.
2. The magistrate judge's Findings and Recommendation (Filing No.74) is accepted as described herein.
3. Cardinale's Motion to Suppress (Filing No. 59) is denied.

Dated this 13th day of February 2023.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge