IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>               Plaintiff,<br><br>    v.<br><br>AARON CARDINALE,<br><br>               Defendant. | **8:22CR247**<br><br><br>**MEMORANDUM<br>AND ORDER** |

On November 15, 2022, a grand jury indicted defendant Aaron Cardinale ("Cardinale") on one count of possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1) (Filing No. 1). Cardinale later moved to suppress (Filing No. 59) statements and evidence he asserts were "obtained as a result of his unlawful detention, the unlawful search of his person and car, and his unlawful interrogation." The Court referred the motion to a magistrate judge,[1] who held an evidentiary hearing on the matter and subsequently recommended the motion be denied (Filing No. 74). *See* 28 U.S.C. § 636(b)(1)(B) (allowing a district judge to "designate a magistrate judge to conduct hearings . . . and to submit" proposed findings and recommendations for the disposition of a motion to suppress evidence).

After considering Cardinale's objections (Filing No. 75) to the magistrate judge's Findings and Recommendation, the Court agreed that suppression was unwarranted (Filing No. 76). Having conducted a careful and thorough de novo review of the record and the parties' arguments, the Court concluded that Officers Daniel Cleveland ("Officer Cleveland") and Freyermuth had probable cause to conduct the traffic stop of Cardinale's car based on the reasonable belief he failed to properly signal a turn. *See* 28 U.S.C. § 636(b)(1)(C) (requiring the Court conduct a de novo review of the objected-to portions

---

[1] The Honorable Susan M. Bazis, United States Magistrate Judge for the District of Nebraska.

of a magistrate judge's findings or recommendations); *see also* Fed. R. Crim. P. 59(b)(3). The Court found that regardless of whether he actually failed to signal his turn in advance of 100 feet before the turn as required by Nebraska law, the record demonstrated "a reasonable officer could have believed there was a fair probability" that Cardinale committed that traffic violation. *See United States v. Holly*, 983 F.3d 361, 364-65 (8th Cir. 2020) (concluding officers had probable cause to conduct a traffic stop "[e]ven if one of the officers was mistaken about actually observing the violation" where the surrounding circumstances "could lead a reasonable officer" to believe the violation occurred).

Now before the Court is Cardinale's motion (Filing Nos. 78, 79) for the Court to reconsider[2] that decision. Cardinale believes the Court got it wrong in multiple respects and urges it to resolve the "evidentiary dispute" he asserts is demonstrated by his exhibits. Though the Court has taken this opportunity to reconsider the record and clarify some of its reasoning, none of Cardinale's arguments require a different result than the one the Court reached in denying his motion to suppress.

Cardinale first asks the Court to "complete . . . the record" and make fuller findings regarding the underlying testimony. In Cardinale's view, the magistrate judge's summary of Officer Cleveland's testimony omitted important details rendering her description incomplete. In the Court's prior Memorandum and Order denying his motion to suppress, the Court overruled similar objections to the magistrate judge's Findings and Recommendation, concluding she "never made specific factual findings as to the

---

[2]While the Eighth Circuit has yet to fully consider the standards applicable to motions to reconsider in the criminal context, *see United States v. Luger*, 837 F.3d 870, 876 (8th Cir. 2016), there is a longstanding tradition of such motions in both civil and criminal matters in federal courts. *See United States v. Rollins*, 607 F.3d 500, 502 (7th Cir. 2010) (explaining that, though "[n]one of the Rules of Criminal Procedure authorizes a generic motion to reconsider," the Supreme Court has concluded such motions are proper); *see also United States v. Flores-Lagonas*, 993 F.3d 550, 561 (8th Cir. 2021) (stating a district court's denial of a motion to reconsider a ruling on a suppression issue would be reviewed for abuse of discretion).

accuracy of" the challenged statements but "merely describe[d] Officer Cleveland's testimony." The Court further emphasized some of the details were immaterial to its conclusions.

Cardinale's present motion does not compel a different approach. To start, a full record of the testimony already exists, namely the transcript of the magistrate judge's hearing, which was itself fully reviewed by the Court. In ruling on the motion to suppress, the Court sees no compelling reason to duplicate whole portions of testimony when there is already full record of the proceedings. *See United States v. Cook*, 87 F.4th 920, 924-25 (8th Cir. 2023) (explaining the district court's adoption of a magistrate judge's order obviates the need for it to independently make findings of fact or write to explain its reasoning). Nor would that approach be possible or even effective. All in all, the Court is committed to presenting a thorough and balanced summary of the relevant facts in reaching its conclusions but is unconvinced by Cardinale's arguments that it erred in doing so here.

Second, Cardinale questions the level of deference given by the Court to the magistrate judge's finding that Officer Cleveland testified credibly. The Court agrees with Cardinale that its varying use of language and caselaw to describe its review was confusing and not entirely reflective of controlling law. His motion for reconsideration warrants more discussion in that respect.

Cardinale is correct that 28 U.S.C. § 636(b)(1) requires the Court to conduct a de novo review of the record when reviewing the magistrate judge's objected-to credibility finding. *See Taylor v. Farrier*, 910 F.2d 518, 521 (8th Cir. 1990). But the general importance of the presiding officer's observance of a live witness remains relevant in the Court's approach to considering objections to a magistrate judge's findings and recommendation. *See United States v. Raddatz*, 447 U.S. 667, 679 (1980) (stating that "courts must always be sensitive to the problems of making credibility determinations on the cold record"). In this vein, some circuits have determined that a district court must

3

rehear disputed testimony before rejecting a magistrate judge's credibility findings. *See*, *e.g.*, *McIntosh v. Wexford Health Sources, Inc.*, 987 F.3d 662, 666 (7th Cir. 2021); *United States v. Powell*, 628 F.3d 1254, 1257 (11th Cir. 2010); *Carrion v. Smith*, 549 F.3d 583, 587-80 (2d Cir. 2008).

In adopting the magistrate judge's credibility finding, however, the Court's de novo review need not include "a de novo hearing." *Taylor*, 910 F.2d at 521 (citing *Raddatz*, 447 U.S. at 673-76). Such a de novo review was conducted here even if the Court may have left a different impression in Cardinale's mind. *See United States v. Azure*, 539 F.3d 904, 910 (8th Cir. 2008) (explaining that de novo review requires, at least, that the Court "either listen to the tape of the hearing or read the hearing transcript"); *Branch v. Martin*, 886 F.2d 1043, 1046 (8th Cir. 1989) (stating a de novo review requires the Court to not merely review the magistrate judge's report but to independently consider the actual testimony). Upon its thorough, independent consideration of the entire record in this matter, including the parties' exhibits and testimony, the Court found—and continues to find—nothing to warrant a rehearing or compel a credibility determination contrary to the magistrate judge's finding.

Cardinale's remaining arguments mistake and misconstrue the Court's reasoning in denying his motion to suppress. In particular, Cardinale accuses the Court of improperly shifting the burden and requiring him to "disprove the reasonableness" of the traffic stop after using its "credibility finding to cut short" any analysis of the government's evidence of probable cause.

To the contrary, the Court reviewed the entire record, including Officer Cleveland's testimony, the video footage, and Cardinale's exhibits, in concluding that a "reasonable officer, confronted with the facts known to the officer at the time of the stop, could have believed that there was a fair probability that a violation of law had occurred." *United States v. Rederick*, 65 F.4th 961, 965 (8th Cir. 2023) (quoting *United States v. Andrews*, 454 F.3d 919, 921 (8th Cir. 2006)). That reasoning did not rely on Cleveland's

4

testimony alone nor give short shrift to any burden on the government to justify the stop. As part of the Court's analysis of the totality of the circumstances, it looked to Cardinale's exhibits and arguments to determine whether they demonstrated an unreasonable mistake was made. *See United States v. Linnell*, 93 F.4th 1102, 1106 (8th Cir. 2024) (stating the Court "assess[es] probable cause using a totality-of-the-circumstances approach"). That the Court discussed that evidence does not mean that it shifted the burden onto Cardinale.

Cardinale also implies Officer Cleveland's testimony failed to provide "historical facts" that could, together, add up to probable-cause and satisfy the government's burden. *See Ornelas v. United States*, 517 U.S. 690, 696 (1996). What that argument fails to consider, however, are the "historical facts" the government otherwise provided in supporting a probable cause finding. For example, the dashboard camera footage gave the Court a relatively accurate sense, even if incomplete, of the contemporaneous events and vantage point through which a reasonable officer would have perceived the incident. Given the context of this case, the Court is satisfied the totality of the circumstances sufficiently support its probable-cause conclusion.

The Court also rejects Cardinale's final appeal to make the mathematical calculations he urges are necessary to know the "reality" against which the reasonableness of the stop must be analyzed. To be clear, the Court did not simply toss aside Cardinale's mathematical arguments, maps, and other evidence in ruling on his objections. That evidence was fully considered in determining whether there was probable cause to conduct the traffic stop and, in this way, was relevant to its assessment of the "reality" against which the reasonableness of the traffic stop was adjudged.

The Court just did not find those exhibits compelled the exact conclusions Cardinale urged. Nor did it think the pinpoint, scientific accuracy of his calculations was clearly deducible from the footage nor necessary to making a well-founded probable cause conclusion in the context of this case. *See Heien v. North Carolina*, 574 U.S. 54,

60-61 (2014) (stating reasonableness does not require perfection and the Fourth Amendment tolerates officers' reasonable mistakes of fact); *New v. Denver*, 787 F.3d 895, 900-01 (8th Cir. 2015) (concluding "hindsight evidence" was irrelevant to probable-cause analysis).

In conclusion, the Court has fully reconsidered its previous Memorandum and Order. In light of the above, the Court clarifies that ruling but does not find—after once again carefully considering the record and Cardinale's arguments—that it should reverse its course. Cardinale's request for relief is therefore denied.

Dated this 14th day of March 2024.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge